OPINION
{¶ 1} Shon Hickenbottom appeals from the judgment of the Lake County Court of Common Pleas, entered following a jury verdict, convicting him on two counts of aggravated robbery with firearm specifications, aggravated burglary with a firearm specification, kidnapping with a firearm specification, felonious assault with a firearm specification, conspiracy to aggravated robbery, conspiracy to aggravated burglary, conspiracy to kidnapping, and aggravated theft with a firearm specification. He also appeals from the judgment entry of sentence. We affirm in part, reverse in part, and remand.
 {¶ 2} On the morning of February 27, 2003, Gail Kopp was getting ready for work when her doorbell rang. Kopp answered the door and saw a man, later identified as Charles Allen, wearing a United States Postal Service Uniform and carrying a package. When Kopp opened her door, Allen, and a man wearing a ski mask, burst into her home. Allen used a stun gun on Kopp several times, subdued her, and bound her hands with wire ties. While Allen did so, the man wearing the ski mask held Kopp at gunpoint. Allen then carried Kopp upstairs to her bedroom. There he bound her feet with wire ties. The two men then ransacked Kopp's home, stealing several items of jewelry, old coins, and perfume. The two men then fled the home.
 {¶ 3} Kopp was eventually able to reach a telephone and dial 911. Officers responded and found Kopp bound hand and foot. Shortly after the home invasion, Kopp gave a statement to investigators. In this statement, Kopp stated the man wearing the ski mask referred to the man wearing the postal uniform as "Shon." The investigation eventually led to the arrest of appellant, Allen, and others.
 {¶ 4} Appellant was indicted on nine counts: (1) aggravated robbery, R.C. 2911.01(A)(1); (2) aggravated robbery, R.C.2911.01(A)(3); (3) aggravated burglary, R.C. 2911.11(A)(1); (4) kidnapping, R.C. 2905.01(A)(2); (5) felonious assault, R.C.2903.11(A)(2); (6) conspiracy to aggravated robbery, R.C.2923.01(A)(1); (7) conspiracy to aggravated burglary, R.C.2923.01(A)(1); (8) conspiracy to kidnapping, R.C. 2923.01(A)(1), and (9) aggravated theft, R.C. 2913.02(A)(1). Counts one, two, three, four, five, and nine contained firearm specifications. R.C. 2941.145. The indictment also included repeat violent offender specifications. R.C. 2941.149.
 {¶ 5} The matter proceeded to jury trial, with the jury returning guilty verdicts on all counts. After a hearing, the trial court sentenced appellant to nine years on count one; count two merged with count one; nine years on count three, to be served concurrent with the sentence on count one; nine years on count four, to be served consecutive to the sentence on count one, eight years on count five, to be served consecutive to the sentences on counts one and four; six years on count six, to be served consecutive to the sentences on counts one, four, and five; counts seven, eight and nine merged for purposes of sentencing. Appellant was also sentenced to a three year term for the firearm specification, to be served prior to and consecutive with the other sentences. Finally, the trial court sentenced appellant to ten years on the repeat violent offender specification, with this sentence to be served concurrently with the other sentences. Thus, appellant received an aggregate sentence of thirty-five years.
 {¶ 6} Appellant filed a timely appeal from the trial court's judgments, raising three assignments of error:
 {¶ 7} "[1.] The appellant's convictions are against the manifest weight of the evidence."
 {¶ 8} "[2.] The trial court erred by sentencing appellant to serve consecutive, rather than concurrent, sentences."
 {¶ 9} "[3.] The trial court erred by imposing maximum and consecutive sentences in violation of [Blakely v. Washington] (2004), 124 S.Ct. 2531."
 {¶ 10} In his first assignment of error, appellant argues the jury's verdicts were against the manifest weight of the evidence because the state failed to present evidence placing him at the scene of the crimes.
 {¶ 11} We may find a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We exercise this discretionary power only in those exceptional cases where the evidence weighs heavily against conviction. Id.; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 12} Appellant first argues Kopp failed to identify him as being at the scene of the crimes and gave a statement to investigators immediately following the crime in which she stated the man in the ski mask referred to the man in the postal uniform as "Shon". Appellant also argues Kopp testified she later called police to say they had arrested the wrong "Hickenbottom".
 {¶ 13} Kopp testified the man wearing the ski mask was of smaller stature and had a mustache. The evidence established appellant is of smaller stature and had a mustache.
 {¶ 14} Kopp testified she was hysterical at the time she gave her statement to investigators and that she did not read the statement before she signed it because she was upset and wanted to leave. The officer who took the statement testified Kopp was very upset and had a hard time staying on track. Kopp testified the statement was wrong and that Allen (the man in the postal uniform) kept calling the man in the ski mask "Shon". Kopp also testified she never called the police and said they had arrested the wrong person; she simply questioned whether they had misspelled the name.
 {¶ 15} The state also presented the testimony of Anthony Shanklin. He testified he drove Allen and a man named Shon to Kopp's home the morning of the robbery. Although Shanklin testified he could not say for certain appellant was that person, he also testified he gave a statement to investigators identifying appellant as the other person in the car.
 {¶ 16} Finally, the state presented evidence appellant made a statement upon his arrest that he knew others "were trying to pin this all on him and it was not all him." This statement certainly could be considered as an admission by appellant that he had some role in the crimes.
 {¶ 17} Appellant also argues the lack of direct evidence presented by the state shows the jury's verdicts were against the manifest weight of the evidence. However, "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof." State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph one of the syllabus.
 {¶ 18} After reviewing the record, weighing the evidence and reasonable inferences, and considering the credibility of the witnesses, we cannot say the jury's verdicts were against the manifest weight of the evidence.
 {¶ 19} Appellant's first assignment of error is without merit.
 {¶ 20} In his second assignment of error, appellant argues the trial court erred in imposing consecutive sentences.
 {¶ 21} We review a felony sentence de novo. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, 3. We will not disturb a sentence unless we find by clear and convincing evidence that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 22} R.C. 2929.14(E)(4) provides in relevant part:
 {¶ 23} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 24} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 25} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 26} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 27} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court held, "Pursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at paragraph one of the syllabus.
 {¶ 28} Here, appellant argues, and the state concedes, the trial court failed to state its reasons supporting the imposition of consecutive sentences on the record at the sentencing hearing.
 {¶ 29} Appellant's second assignment of error has merit.
 {¶ 30} In his final assignment of error, appellant contends his sentences are constitutionally infirm under Blakely v.Washington (2004), 542 U.S. 296. Our decision with respect to appellant's second assignment of error renders his third assignment of error moot.
 {¶ 31} For the foregoing reasons, appellant's first assignment of error is without merit and his third assignment of error is moot. Appellant's second assignment of error has merit. The judgment of the Lake County Court of Common Pleas is affirmed in part, and reversed in part, and this matter is remanded for re-sentencing.
Ford, P.J., O'Toole, J., concur.